IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CR-156-TCK |
| ) | |
| PATRICK DOUGLAS RYAN, II, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") (Doc. 36).

### I.    Factual Background

In 2007, Defendant Patrick Douglas Ryan pled guilty to possession of a firearm after a felony conviction (Count 1) and making a false statement during a firearm purchase (Count 2). Based on facts set forth in the Presentence Investigation Report ("PSR"), the Court found Defendant had six prior Oklahoma convictions for violent felonies under 18 U.S.C. § 924(e) and classified Defendant as an Armed Career Criminal ("ACC") under the Armed Career Criminal Act ("ACCA"). These six convictions consisted of three second degree burglary convictions; two felony DUI convictions; and one escape conviction. As a result of application of the ACCA, Defendant faced a statutory minimum of fifteen-years imprisonment and a guidelines range 180 to 210 months as to Count 1, and the statutory minimum of 120 months as to Count 2. On June 14, 2007, the Court sentenced Ryan to 180 months imprisonment as to Count 1 and 120 months as to Count 2, to run concurrently. Ryan did not appeal his conviction or sentence.

## II.     ACCA's Definition of Violent Felony and Supreme Court's Ruling in *Johnson*

The ACCA defines violent felony as "any crime punishable by imprisonment for a term exceeding one year" that meets one of three requirements: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"); (2) is burglary, arson, or extortion, or involves use of explosives" (the "enumerated offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). In *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2557 (2015), the Supreme Court declared the residual clause unconstitutionally vague. In *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1268 (2016), the Court held that *Johnson* announced a substantive rule that has retroactive effect in cases on collateral review.

## III.    2255 Motion

On May 6, 2016, Defendant filed the 2255 motion, arguing that none of his six prior convictions qualify as violent felonies in light of *Johnson*'s invalidation of the residual clause. Anticipating that the United States would argue Defendant's second degree burglary convictions also qualified as violent felonies under the enumerated offense clause, Defendant urged the Court to delay ruling on the 2255 motion until the United States Supreme Court issued its decision in *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243, 2251 (2016) (addressing application of ACCA's enumerated offense clause to Iowa's burglary statute).

As anticipated by Defendant, the United States argued that, notwithstanding the Supreme Court's decision in *Johnson*, Defendant is not entitled to relief because his second degree burglary convictions alternatively qualify as ACCA violent felonies under the enumerated offense clause. The United States filed its response brief on June 6, 2016, just prior to the Supreme Court's ruling

in *Mathis* and therefore did not address the impact of *Mathis*. However, the Court has the benefit of a brief filed by the United States in another pending case presenting identical issues, *United States v. Hamilton*, 06-CR-188-TCK (Doc. 51), and the Court has considered those legal arguments here.

The United States does not dispute that Defendant's DUI and escape convictions no longer qualify as ACCA predicates or that the second degree burglary convictions no longer qualify under the residual clause. Therefore, the sole issue raised by the parties' briefs is whether the three Oklahoma second degree burglary convictions qualify as ACCA predicates under the enumerated offense clause.

**IV.    2255 Standards**

A federal prisoner may only obtain relief under § 2255 if his sentence (1) was imposed in violation of the Constitution or federal laws, (2) was imposed by a court without jurisdiction to do so, (3) was in excess of the maximum permitted by the law, or (4) is otherwise subject to attack. 28 U.S.C. § 2255. In order to obtain relief under § 2255 on the basis of constitutional error, the petitioner must establish "an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *United States v. Dago*, 441 F.3d 1238, 1245-46 (10th Cir. 2006). In cases involving a jury verdict, the standard is satisfied if the judge "thinks that the error substantially influenced the jury's decision." *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). "[W]here the record is so evenly balanced that a conscientious judge is in grave doubt as to the harmlessness of an error," the petitioner must win. *Id.*

This standard extends to sentencing errors, and Defendant must therefore establish that the *Johnson* error had a "substantial and injurious effect" on his sentence. *See Johnson v. United States*,

No. 3:16-CV-215(MPS), 2016 WL 7362764, at *5 (D. Conn. Dec. 19, 2016) (although defendant had shown that his 1994 rioting conviction could no longer serve as an ACCA predicate, defendant was also required to show error "resulted in actual prejudice"). If the Court is in "grave doubt" as to whether the residual clause error was indeed harmless, Defendant has satisfied his burden of showing a substantial and injurious effect on his sentence. *See id.* (court expressed "grave doubt" as to whether sentencing judge would have found two prior convictions were committed on different occasions and therefore found 1991 conviction could not be considered an ACCA predicate).

## V. Analysis

For reasons set forth by this Court in an Opinion and Order entered in *United States v. Raymond Mark Hamilton*, 06-CR-188-TCK (Doc. 55), the Court concludes that Oklahoma second degree burglary convictions do not qualify as ACCA predicates under the enumerated offense clause. The Court adopts this reasoning and incorporates the Order herein by reference as its analysis of all issues presented in this case.

Defendant has shown that the Court committed *Johnson* error in applying the residual clause to his three Oklahoma burglary convictions. Defendant has further shown that the error was "substantial and injurious" (*i.e.*, not harmless) because the burglary convictions do not alternatively qualify as predicate convictions under the enumerated offense clause.

## VI. Conclusion

Defendant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 36) is GRANTED. Defendant's Motion for Appointment of Counsel (Doc. 42) is GRANTED at this time, and the Court hereby appoints the office of the Federal Public Defender to represent Defendant for purposes of re-sentencing and any possible appeal.

Defendant no longer has three convictions that qualify as predicate convictions for purposes of the ACCA. Defendant has served approximately 113 months. Without application of the ACCA enhancement, Defendant's new sentencing range will likely be 30 to 37 months. Thus, it appears Defendant is entitled to immediate release. The United States Probation Office is ordered to prepare a revised PSR based on the Court's rulings herein on an expedited basis and submit the PSR to the Court and the United States. After review of the PSR, the United States shall file a Notice stating whether it objects to re-sentencing at the high end of the guideline range on any basis other than those already raised. The Notice shall be filed no less than three days after receipt of the PSR.

**SO ORDERED** this 27th day of January, 2017.

*[signature: Terence Kern]*

**TERENCE KERN**
**United States District Judge**